■ CHARLES SUNDHEIMER et al., Individually and on Behalf of All Others Similarly Situated, Respondents, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants.—Order, Supreme Court, Bronx County, entered May 28, 1979,

which, *inter alia,* ordered that members of the plaintiffs' class shall be eligible to become family care providers for their natural children to the same extent as parents of members of the class of plaintiffs in *New York State Assn. for Retarded Children v Rockefeller* (357 F Supp 752 [Willowbrook class]), unanimously reversed to the extent appealed from, on the law, without costs, the provision for family care payments to the Willowbrook parents is declared not to violate the constitutional rights of plaintiffs' class, and summary judgment is granted to defendants, without costs. Defendants appeal from so much of an order entered at Special Term as directed that plaintiffs, parents of noninstitutionalized retarded individuals, be eligible for family care payments to the same extent as members of the class of plaintiffs in *New York State Assn. for Retarded Children v Rockefeller* (357 F Supp 752 [Willowbrook class]). This order was based on Special Term's view that the equal protection clause of the United States Constitution is violated by providing family care payments to parents of the Willowbrook class and denying such payments to all other parents of developmentally disabled children. We disagree, reverse Special Term's order to the extent appealed from, declare that the family care provisions challenged do not violate the Constitution of the United States, and grant summary judgment. The family care program provides community based residential care in approved private homes for persons no longer in need of residential care and treatment in a more restrictive, structured facility setting, but who are not yet able to function adequately in their own homes, in other available community settings, or in completely independent community living arrangements. A family care provider is a person to whom an operating certificate has been granted pursuant to department regulations and who serves a function similar to that of a foster parent. Basic to the program, and reflecting various policy considerations, is the principle that such providers should not be the natural parents of the disabled children. A limited, temporary exception to this principle developed as a result of a Federal class action brought on behalf of residents of the Willowbrook State School for the Mentally Retarded, which alleged inhumane treatment of the residents of that institution so pervasive as to violate their constitutional rights. (See *New York State Assn. for Retarded Children v Rockefeller, supra.)* Following the granting of a preliminary injunction, a consent judgment was entered into and approved by the Federal court, which obligated defendants to undertake a comprehensive program to eliminate the shocking abuses that had been disclosed. The defendants were, *inter alia,* required to reduce the population of the institution from 2,800 residents in 1975 to 250 residents by March, 1981. Experiencing difficulty in complying with this provision, the department adopted as a temporary measure, DMR Memo 75-37 (Dec. 5, 1975), which authorized the designation as family care providers of natural parents of Willowbrook residents. We do not agree that this temporary emergency measure, consistent with a central requirement of the consent judgment and limited to a very small group of eligible parents, violated the constitutional rights of the plaintiffs' class and imposed upon defendants an obligation to extend similar eligibility to the much larger group composed of all parents of noninstitutionalized retarded individuals. Under the circumstances disclosed, the reasonable basis of the challenged classification is apparent. (See *Dandridge v Williams,* 397 US 471; *Matter of Levy,* 38 NY2d 653, 658; cf. *University of Cali-*

*fornia Regents v Bakke,* 438 US 265, 307, 308.) Concur—Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.